IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

WANDA C. AITCHESON and
ROBERT D. AITCHESON,
husband and wife,

      Plaintiffs,

v.                               CIVIL ACTION NO.: 3:18-CV-174
                                   (GROH)

DOLGENCORP, LLC.,
doing business as DOLLAR GENERAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Defendant's Motion for Summary Judgment [ECF No. 35], filed on September 10, 2019. Plaintiffs filed a Response to Defendant's Motion [ECF No. 64] on October 1, 2019. The Defendant filed a Reply Brief [ECF No. 87] on October 15, 2019. Accordingly, this matter has been fully briefed and is now ripe for review.

### I. Background

#### A. Factual Background

This premises liability action arises from an incident in which the Plaintiff, Wanda C. Aitcheson ("Mrs. Aitcheson"), tripped over a ladder and fell while entering the Defendant's Dollar General store. Mrs. Aitcheson alleges she sustained several injuries from the fall including a right wrist fracture, head trauma, facial injuries, and contusions.

The uncontested facts in this case are as follows. On the afternoon of October 24, 2016, Mrs. Aitcheson arrived at the Dollar General in Charles Town, West Virginia, and parked her vehicle. Prior to Mrs. Aitcheson's arrival, Defendant's employee, Haylee Bogden ("Ms. Bogden"), had been cleaning the store's front entrance windows and sliding glass doors while standing on an eight-foot ladder. After completing her work, Ms. Bogden leaned the ladder against a cart of water located at the front entrance. In her deposition, Ms. Bogden testified that it was "extremely windy" that day. ECF No. 64-4 at 2.

Nearly ten minutes after Ms. Bogden propped the ladder against the cart and returned inside the store, it fell over. The ladder fell to the ground, landing across and obstructing the store's front entrance, before Mrs. Aitcheson approached the store from the parking lot. Exactly one minute and eight seconds after the ladder fell, Mrs. Aitcheson tripped over it and fell while attempting to enter the store. Between the time the ladder fell and this incident, none of the Defendant's employees knew that the ladder had fallen. Video surveillance footage shows the entire incident, including the point at which the ladder fell over in front of the store's entrance to Mrs. Aitcheson's fall.

**B. Procedural Background**

On December 21, 2016, Plaintiffs filed a complaint in the Circuit Court of Jefferson County, West Virginia seeking a preliminary injunction against the Defendant to prevent destruction of video footage of the trip and fall. The state court granted Plaintiffs' request and ordered the Defendant to preserve and produce any security video footage and related communications not subject to attorney-client privilege.

On October 22, 2018, Plaintiffs filed a complaint in this Court asserting claims of negligence and spoliation of evidence. ECF No. 1. In their complaint, Plaintiffs aver the Defendant's breach of its duty of care to maintain a reasonably safe premise proximately caused Mrs. Aitcheson to suffer injury. Plaintiff Robert D. Aitcheson also asserts a claim for loss of consortium.

The Defendant moved for summary judgment on all of Plaintiffs' claims. In their response to Defendant's motion for summary judgment, Plaintiffs withdrew their spoliation of evidence claim.

Jurisdiction is proper in this matter pursuant to 28 U.S.C. § 1332. The parties are completely diverse in citizenship. Additionally, the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## II. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial–whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there

is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. That is, once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence establishing there is indeed a genuine issue for trial. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted). A motion for summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Savs. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245, 249 (4th Cir. 1967); see also id. at 253 (noting that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").

### III. Applicable Legal Standard – West Virginia Negligence Law

Under West Virginia negligence law, a plaintiff must prove by a preponderance of the evidence that (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and, (3) the breach proximately caused plaintiff's injury. Scaggs v. United States, 2015 WL 4276286, at *2 (S.D.W. Va. July 14, 2015) (citing Senkus v. Moore, 207 W. Va. 659, 662, 535 S.E.2d 724, 727 (2000)). Within the context of premises liability negligence claims, it is well established in West Virginia that an owner or possessor of land "owes to an invited person the duty to exercise ordinary care to keep and maintain the premises in a reasonably safe condition." Burdette v. Burdette, 127 S.E.2d 249, 252 (W. Va. 1962). This duty extends to "defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like." Id. However,

4

landowners "owe no duty of care to protect others against dangers that are open, obvious, reasonably apparent, or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers." W. Va. Code § 55-7-28(a) (2015). In addition, "[e]ach person has a duty to look, and to look effectively, and to exercise ordinary care to avoid a hazard because if [s]he fails to do so and is injured, h[er] own negligence will defeat recovery of damages sustained." Birdsell v. Monongahela Power Co., 382 S.E.2d 60, 62 (W.Va. 1989).

### IV. Discussion

The Defendant argues that Plaintiffs' negligence claim fails because it did not owe a duty of care to warn and protect Mrs. Aitcheson from an eight-foot ladder that was open and obvious to patrons entering through the store's front entrance. Rather, Mrs. Aitcheson failed to exercise ordinary care and effectively look at her surroundings for avoidable hazards upon entering the store. Accordingly, the Court will determine if a genuine issue of material fact exists regarding whether the ladder was an open and obvious hazard.

**A. Duty of Care – Open and Obvious Doctrine**

Plaintiffs argue that the Defendant is not entitled to summary judgment because it failed to plead or even mention the "open and obvious" affirmative defense in its answer to the Court. However, it is firmly established in the Fourth Circuit that "absent unfair prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." See Brinkley v. Harbour Recreation Club, 180 F.3d 589, 612 (4th Cir. 1999), overruled on other grounds by Desert Palace, Inc. v. Costa,

539 U.S. 90, 123 S. Ct. 2148, 156 L.Ed.2d 84 (2003). Based on Plaintiffs' opportunity to respond to this affirmative defense in the Defendant's motion for summary judgment, the Court finds no showing of unfair prejudice. Therefore, the Court considered the Defendant's "open and obvious" defense to Plaintiffs' negligence claim.

Codified under West Virginia Code § 55-7-28, the open and obvious hazard doctrine provides that:

> "(a) A possessor of real property, including an owner, lessee or other lawful occupant, owes no duty of care to protect others against dangers that are open, obvious, reasonably apparent or as well known to the person injured as they are to the owner or occupant, and shall not be held liable for civil damages for any injuries sustained as a result of such dangers."

W. Va. Code § 55-7-28(a) (2015). In its motion, the Defendant maintains that it did not owe a legal duty to Mrs. Aitcheson because the fallen ladder was clearly observable and plainly visible to anyone attempting to enter the premises on the day of the incident. In support, the Defendant highlights the fact that the ladder was eight feet long and yellow in color. The Defendant provides several demonstrative, recreated photographs [ECF No. 35-8] from the vantage points of Mrs. Aitcheson's vehicle outside the store and from inside the store facing out the front door to show that any reasonable person in Mrs. Aitcheson's position that day would have noticed the fallen ladder and avoided tripping over it before entering the store. Although the open and obvious doctrine does not abrogate a landowner's duty to exercise ordinary care to keep its premises in a reasonably safe condition, invitees have "a duty to look, and to look effectively, and to exercise ordinary care" under West Virginia law. See Birdsell, 382 S.E.2d at 62; see also W. Liberty Univ. Bd. of Governors v. Lane, 2018 WL 300564, at *4 (W. Va. Jan. 5, 2018).

Here, the record evidence demonstrates that the Defendant did fulfill its duty of ordinary care to keep its premises reasonably safe for patrons. After Ms. Bogden finished cleaning the storefront windows, she moved the ladder away from the front entrance, resting it against a nearby water cart. Even if Ms. Bogden did not completely follow Dollar General's ladder storage protocol when attempting to secure the ladder before going back into the store, the store's front entrance was reasonably safe for patrons to enter and exit without being at risk of avoidable injury or harm.

Furthermore, there is no evidence showing that the Defendant had actual or constructive knowledge of the fallen ladder prior to Mrs. Aitcheson's fall. In order to satisfy the duty-of-care element in a premises liability negligence suit, a plaintiff (invitee) must show that "(1) that the owner had actual or constructive knowledge of the foreign substance or defective condition and (2) [she] had no knowledge of the substance or condition or was prevented by the owner from discovering it." McDonald v. Univ. of W. Va. Bd. of Trustees, 444 S.E.2d. 57, 60 (W.Va. 1994). Surveillance video footage clearly shows that the fallen ladder was not a hidden danger. Moreover, store employees had no knowledge the ladder had fallen. Store manager, Jordan Hasenbuhler ("Ms. Hasenbuhler"), did not see the ladder fall, nor did she see the ladder wobbling or wavering outside the store near the front entrance prior to it falling. See Jordan Hasenbuhler's Depo. Tr. 64:10–24. Ms. Hasenbuhler also did not see Ms. Bogden leave the ladder unattended at the front entrance. Id. Similarly, Ms. Bogden, who was waiting on patrons at the cash register when the incident occurred, had no knowledge the ladder had fallen. See Haylee Bogden's Depo. Tr. at 22:12–20. At best, Plaintiffs offer speculative evidence that Ms. Hasenbuhler could have been able to see the ladder fall from the security

7

cameras in her office. See Haylee Bogden's Depo. Tr. at 24:4–8. However, mere speculation is not enough to create a genuine issue of material fact as to whether the Defendant or its employees had actual or constructive knowledge of the fallen ladder.

Finally, an eight-foot ladder blocking the store's ingress was not a hidden danger. Although Plaintiffs dispute the color of the ladder, surveillance video footage and demonstrative photographs clearly show that the ladder was very long and extended completely across the front entrance. Based on this uncontroverted evidence, any reasonable person exercising their duty to look and look effectively would have noticed the fallen ladder and avoided tripping over it before entering the store. Mrs. Aitcheson was not exempt from exercising her duty of care to examine her surroundings when entering the store's premises. Even if, as Mrs. Aitcheson claims, her attention was distracted by a "Now Hiring" sign posted on the front entrance sliding doors, Mrs. Aitcheson admitted she "should have seen [the ladder]" if she had been looking down. ECF No. 35-9 at 7. Her admission confirms she was not watching where she was walking and supports her failure to fulfill her duty of care as required by invitees under West Virginia negligence law. By maintaining a reasonably safe premise and protecting patrons from hidden dangers, the Defendant fulfilled its duty of care. Therefore, the Defendant cannot be held liable for any of Mrs. Aitcheson's injuries resulting from the open and obvious ladder.

Plaintiffs' extensive reliance on W. Liberty Bd. of Governors v. Lane, 2018 WL 300564 (W. Va. Jan. 5, 2018) and other cases where courts have denied summary judgment under the open and obvious doctrine is misplaced. In W. Liberty Bd. of Governors, the court found summary judgment appropriate because the Defendant had

actual knowledge of a swimming pool basketball hoop's danger. Id. at *4. The plaintiff sustained injuries after dunking a basketball, which caused the basketball hoop's steel rim to fall into a pool and strike him in the face. Id. at *1. The lifeguard on duty, acting as an agent of the Defendant, knew of the basketball hoop's danger because she previously warned the plaintiff and his friends that the hoop could fall into the pool and witnessed the basketball hoop fall twice before the plaintiff was injured. Id. at *1, *3. Unlike the defendant in W. Liberty Bd. of Governors, there is no evidence the Defendant or its employees had actual knowledge of the fallen ladder.

In addition to W. Liberty Bd. of Governors, other controlling cases cited by Plaintiffs where summary judgment was denied do not offer analogous facts. For example, the facts in Martin v. Belk, 2019 WL 3504277 (S.D. W. Va. 2019) are distinguishable from the case at hand. Unlike the low-level carpet wrinkles that caused the plaintiff's fall in Martin, the large, eight-foot ladder was unquestionably an open and obvious hazard that any reasonable person exercising ordinary care would have noticed while entering the store. The case at hand also differs from the facts in Morse v. Aldi, 2019 WL 4834143 (S.D. W. Va. 2019), where the plaintiff tripped over a box placed on the hallway floor sometime after she entered a store's restroom. Unlike here, the plaintiff in Morse may not have seen the defective condition (the box) despite exercising ordinary care when exiting the restroom, especially since the box was not present when she entered the restroom.

No genuine issue of material fact exists in the present case. Upon consideration of the uncontroverted evidence, the Court **FINDS** that the Defendant had no knowledge the ladder had fallen and the ladder was not a hidden danger. In fact, the ladder was an open, obvious and reasonably apparent hazard to incoming patrons. Therefore, the

Defendant is entitled to summary judgment as a matter of law on Plaintiffs' negligence claim.

### B. Future and Punitive Damages

Because the Court found summary judgment warranted on Plaintiffs' negligence claim, it is no longer necessary to address Plaintiffs' remaining future and punitive damages claims.

### V. Conclusion

Based upon the foregoing, the Defendant's Motion for Summary Judgment [ECF No. 35] is hereby **GRANTED**. Accordingly, the Court **DISMISSES** this action **WITH PREJUDICE**. The Court **ORDERS** that this case be **STRICKEN** from the Court's active docket. The Court further **ORDERS** that all pending motions be **TERMINATED AS MOOT**.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** January 24, 2020

*[Signature]*

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE